# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DARNELL GOODRICH,
　　　　　*Defendant-Appellant.*

No. 03-4340

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CR-02-10123)

Submitted: September 25, 2003

Decided: October 10, 2003

Before WILKINSON and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Darnell Goodrich entered a conditional plea of guilty to two counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (2000). He reserved his right to appeal from the district court's denial of his motion to suppress evidence seized from his residence pursuant to a search warrant. Goodrich argues that the district court erred in failing to exclude the evidence seized as violative of the Fourth Amendment because probable cause did not exist to support the issuance of the search warrant and the officers did not rely upon the search warrant in good faith.

We have reviewed the parties' briefs and joint appendix and find no clear error in the district court's application of the good faith exception. *See United States v. Lalor*, 996 F.2d 1578, 1584 (4th Cir. 1993) (providing standard). Rather, we find that the officers conducting the search properly acted in good faith reliance on the search warrant as enunciated in *United States v. Leon*, 468 U.S. 897 (1984), and its progeny. *See United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994) (holding that reviewing court should resolve good faith issue prior to determining whether probable cause existed); *United States v. Craig*, 861 F.2d 818, 820 (5th Cir. 1988) ("Principles of judicial restraint and precedent dictate that, in most cases, we should not reach the probable cause issue if . . . the good-faith exception of *Leon* will resolve the matter.").

Accordingly, we find that the district court properly determined that the good faith exception applied and properly admitted evidence seized from Goodrich's residence. We therefore affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*